IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. FRANCE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RON BLOOMFIELD; SANDERS; ARNOLD; KING; LAJUN; NELSON,<br><br>　　　　Defendants. | No. C 20-4018 WHA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against prison officials. He is granted leave to proceed in forma pauperis is in a separate order. For the reasons discussed below, the complaint is dismissed with leave to amend.

## ANALYSIS

**A.　STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
2  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
3  upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
4  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
5  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
6  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
7  do. . . .   Factual allegations must be enough to raise a right to relief above the speculative
8  level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
9  complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*
10 at 1974.

11  To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:
12 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
13 that the alleged deprivation was committed by a person acting under the color of state law.
14 *West v. Atkins*, 487 U.S. 42, 48 (1988).

15 **B.    LEGAL CLAIMS**

16  Plaintiff, a frequent litigator in federal court, submitted a complaint that sets forth a
17 confusing and seemingly self-contradictory narrative.  He alleges that defendants unfairly placed
18 him in segregation in December 2019 for five and a half weeks pending investigation into a fight
19 at San Quentin State Prison.  He alleges that he was moved to Pelican Bay State Prison, where he
20 has been "ever since," but the complaint and docket indicates that his current address is San
21 Quentin.  He alleges that defendants spread false information about him that endangered his life
22 at San Quentin.  He also alleges being that after he was released from segregation, other
23 defendants sending him back to segregation immediately after for unrelated reasons, where he
24 has remained for eight months, that defendants interfered with his court case and legal mail, and
25 that defendants' actions were based upon their personal dislike of him.  It appears that some of
26 these actions were taken while he was at Pelican Bay, but he indicates that all of the defendants
27 are located at San Quentin.  Plaintiff does not identify what claims he is bringing, separately
28

label and enumerate such claims, clarify which defendants he believes is liable for each claim, or identify the federal right associated with each claim.  As pled, it is impossible to know which claims he is bringing against whom, or where, when and by whom each alleged violation of his rights took place.  Plaintiff will be given leave to file an amended complaint to cure these deficiencies, if he can do so in good faith.

## CONCLUSION

The complaint is **DISMISSED** with leave to amend.  Within **28 days** of the date this order is filed, plaintiff shall file an amended complaint in which he cures the deficiencies described above, if he can do so in good faith.  The amended complaint must include the caption used in this order and the civil case number C 20-4018 WHA (PR) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November  17  , 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3